IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES J. HOMELSEY
a/k/a CHARLES J. MAYBERRY,

                                                                    ORDER

                            Petitioner,

                                                                    16-cv-47-bbc

            v.

MICHAEL DITTMAN,
Warden, Columbia Correctional Institution,

                            Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

        Petitioner Charles J. Homelsey is proceeding on claims under 28 U.S.C. § 2254 that

his trial counsel and appellate counsel were constitutionally ineffective for failing to raise a

question as to petitioner's competence to stand trial.  After screening the petition under Rule

4 of the Rules Governing Section 2254 Cases, I deferred a decision on petitioner's motion

for assistance in recruiting counsel.  Although I acknowledged the potential difficulty that

petitioner might have in representing himself, I could not determine before seeing

respondent's response to the petition whether counsel was needed.

        In response to the court's order to show cause, respondent has filed a motion to

dismiss the petition on the ground that petitioner missed the one-year statute of limitations

period by several months.  Dkt. #9.  In response to that motion, petitioner has submitted

his own motion in which he alleges that he is unable to respond to the substance of

1

respondent's argument without assistance from his jailhouse lawyer, but prison officials are refusing to allow them to meet.

Having reviewed both motions, I conclude that it would be in the interests of justice to seek counsel to represent petitioner.  In Davis v. Humphreys, 747 F.3d 497 (7th Cir.2014), the court held that a prisoner may be entitled to equitable tolling of the limitations period if he is mentally incompetent.  However, the court declined to articulate "[w]hat sort of mental limitations justify tolling." Id. at 499–500.  In Schmid v. McCauley, No. 14-2974, 2016 WL 3190670, at *2 (7th Cir. June 8, 2016), another habeas case involving a missed deadline and allegations of mental incompetence, the court vacated a judgment in favor of the respondent, concluding that the district court should have appointed counsel for the petitioner.  In light of the uncertainty in the law and the guidance provided in Schmid, I conclude that it is appropriate to seek counsel in this case as well.

This decision moots petitioner's motion regarding interference with his ability to communicate with his jail house lawyer.  If petitioner has counsel, he does not need the assistance of another prisoner.

ORDER

IT IS ORDERED that

1. The request by petitioner Charles Homelsey a/ka Charles Mayberry for assistance in recruiting counsel is GRANTED.

2.   Respondent Michael Dittman's motion to dismiss, dkt. #9, is DENIED

WITHOUT PREJUDICE to respondent's renewing the motion after counsel is appointed.

3.  Petitioner's "motion for an evidentiary hearing into continuing harassment," dkt. #16, is DENIED as moot.

4.  All remaining deadlines are STRICKEN pending recruitment of counsel for plaintiff.  If I find counsel willing to represent plaintiff, I will advise the parties of that fact and set a new schedule.

Entered this 14th day of June, 2016.

BY THE COURT:

/s/
BARBARA B. CRABB
District Judge