IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES J. HOMELSEY
a/k/a CHARLES J. MAYBERRY,

                                                          ORDER
              Petitioner,

                                                            16-cv-47-bbc

      v.

MICHAEL DITTMAN,
Warden, Columbia Correctional Institution,

             Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Charles J. Homelsey is proceeding on claims under 28 U.S.C. § 2254 that his trial counsel and appellate counsel were constitutionally ineffective for failing to raise a question as to petitioner's competence to stand trial. In an order dated June 14, 2016, dkt. #19, I concluded that it would be in the interest of justice to seek counsel to represent petitioner.

Reed Cornia has agreed to represent plaintiff, with the understanding that he will serve with no guarantee of compensation for his services. For counsel's information, I have attached the procedures regarding the court's pro bono fund, which allow limited reimbursement for some litigation expenses.

It is this court's intention that the scope of representation extends to proceedings in this court only. "Proceedings in this court" include all matters leading up to a final judgment on the merits, the filing of a Notice of Appeal, if appropriate, and ensuring that all steps are

taken to transfer the record to the Court of Appeals for the Seventh Circuit.

Additionally, the court intends the scope of representation to be limited to litigating plaintiff's current claims. It is unnecessary for counsel to file an amended petition or otherwise relitigate matters already completed.

Plaintiff should understand that because he is now represented in this case, he may not communicate directly with the court from this point forward. He must work directly with counsel and permit counsel to exercise his professional judgment to determine which matters are appropriate to bring to the court's attention and in what form.  Plaintiff does not have the right to require counsel to raise frivolous arguments or to follow every directive he makes.  He should be prepared to accept the strategic decisions made by counsel even if he disagrees with some of them.  If plaintiff decides at some point not to work with counsel, he is free to end the representation, but he should be aware that it is unlikely that the court will work to recruit another set lawyer to represent him.

In the order granting petitioner's request for counsel, I denied respondent's motion to dismiss without prejudice to his refiling it after counsel was appointed.  I will give the parties an opportunity to confer and provide a proposed schedule for filing and briefing a renewed motion, if respondent chooses to file one.


ORDER

IT IS ORDERED that the parties may have until July 1, 2016, to confer and then inform the court whether respondent Michael Dittman will renew his motion to dismiss and, if so, what the appropriate briefing schedule should be.  If the parties cannot agree on a

proposed schedule, each party should submit his own proposal, along with his reasons for choosing that schedule. If the parties do not respond by July 1, 2016, I will direct respondent to file an answer to the petition and set a schedule for briefing the merits of the petition.

Entered this 16th day of June, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge