IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CHARLES J. HOMELSEY, A/K/A CHARLES
J. HOMESLEY, A/K/A CHARLES
MAYBERRY,

                                Petitioner,

     v.

MICHAEL DITTMAN, Warden,
Columbia Correctional
Institution,

                                Respondent.

OPINION AND
ORDER

16-cv-47-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Charles J. Homelsey is an inmate at the Columbia Correctional Institution. With the assistance of court-appointed counsel, he is proceeding on claims under 28 U.S.C. § 2254 that his trial counsel and appellate counsel were constitutionally ineffective for failing to raise a question as to petitioner's competence to stand trial.

      Respondent has moved to dismiss the petition as untimely. Petitioner does not deny that the statute of limitations has expired on his claim, but contends that he is entitled to equitable tolling of the limitations period because he has severe mental limitations, including a low IQ and an inability to read and write, that prevented him from preparing his own petition and required him to rely on the assistance of other inmates willing to help him.

1

Having carefully considered the arguments and evidence advanced by both sides, I conclude that this is not one of those rare cases in which it would be appropriate to toll the limitations period. Although petitioner's cognitive deficits and inability to read and write made it more difficult for him to file his petition on time, he has not demonstrated that his mental deficits are so severe that he was unable to understand or take action to protect his legal interests. Moreover, he has not shown that he acted with the requisite reasonable diligence in pursuing those interests. Accordingly, I will grant respondent's motion and dismiss the petition.

## BACKGROUND

On March 16, 2009, following a jury trial, petitioner was convicted in the Circuit Court for Dane County of three counts of second degree sexual assault and one count of false imprisonment for which he received a 20-year prison sentence. He filed a direct appeal of his conviction, asserting that he was entitled to a new trial because of newly-discovered evidence. On July 21, 2011, the Wisconsin Court of Appeals affirmed his conviction; on December 5, 2011, the Wisconsin Supreme Court denied his petition for review. Petitioner did not file a petition for writ of certiorari in the United States Supreme Court.

Under 28 U.S.C. § 2244(d)(1)(A), a petitioner seeking to file a federal habeas petition challenging a state court conviction must do so within one year of "the date on which judgment in the state case became final by the conclusion of direct review or the expiration of the time for seeking such review." (Other statutory subsections prescribe alternative dates for

2

the start of the limitations period, 28 U.S.C. § 2244(d)(1)(B)-(D), but petitioner does not suggest than any of these sections apply to him.) The "time for seeking such review" includes the 90-day period in which petitioner could have filed an application for a writ of certiorari with the United States Supreme Court. Anderson v. Litscher, 281 F.3d 672, 674 (7th Cir. 2002). Thus, his conviction became final on March 5, 2012. (The 90th day after the Wisconsin Supreme Court's decision was March 4, which was a Sunday. This meant that his petition for certiorari would have been due on Monday, March 5.) His federal habeas clock began running the next day, March 6, 2012.

Petitioner's habeas clock continued to run until August 2, 2012, when petitioner filed a motion for a new trial. By that time, 149 days had elapsed since the start of the limitations period. Under 28 U.S.C. § 2244(d)(2), time is tolled, that is, it does not count against the one-year statutory period, while a properly filed application for post conviction relief is pending in state court. Petitioner's state court motion was pending for only 13 days; it was denied on August 15, 2012. Petitioner did not appeal the denial of that motion.

Petitioner's habeas clock resumed on August 16, 2012, the day after his state court motion was no longer "pending." Approximately three months later, on November 19, 2012, petitioner filed a petition for a writ of habeas corpus in this court, asserting, among other claims, that his trial and appellate lawyers had provided constitutionally ineffective assistance by failing to argue that petitioner was incompetent to stand trial. Homelsey v. Meisner, 12-cv-835-bbc, dkt. # 1. In that petition, petitioner asserted that he had filed a "letter/motion" for post conviction relief in the state circuit court on or about November 8, 2012 but had not yet received a ruling on that motion. On January 8, 2013, this court

3

entered an order dismissing the petition without prejudice for his failure to exhaust his state court remedies. Id., dkt. #3. At no time did petitioner ask this court to stay his federal habeas petition while he pursued his state court remedies.

The time that petitioner's habeas petition was pending in this court is not excluded from petitioner's habeas clock because § 2244(d)(2) applies only to *state* court applications for post conviction relief. Duncan v. Walker, 533 U.S. 167, 172-82 (2001). Further, although petitioner asserted in his federal habeas petition that he had filed a state court post conviction "letter/motion" on or about November 8, 2012, the state court docket sheet does not show that the circuit court received the filing, much less that it docketed the filing as a motion. Dkt. #10 at Exh. 6. Thus, petitioner did not actually have any "properly filed application[s] for post conviction relief" pending in state court, as he suggested in his habeas petition. Duncan, 533 U.S. at 181-82; Johnson v. McCaughtry, 265 F.3d 559, 562-63 (7th Cir. 2001). As a result, nothing stopped petitioner's federal clock after it had resumed running on August 16, 2012. The one-year limitations period expired on March 20, 2013.

On June 26, 2013, petitioner filed a post conviction motion in the Circuit Court for Dane County pursuant to Wis. Stat. § 974.06. The state circuit court held a hearing on September 9, 2013 and denied petitioner's motion. Petitioner appealed, but the Wisconsin Court of Appeals affirmed the trial court's decision on February 12, 2015. The Wisconsin Supreme Court denied review on November 4, 2015.

On January 20, 2016, petitioner filed this habeas petition. Among other things, he alleged that his trial lawyer had been constitutionally ineffective for failing to investigate

4

petitioner's "long history of mental incompetency to stand trial" and that his appellate lawyer had been ineffective for failing to raise the issue of trial counsel's ineffectiveness. Dkt. #1, at 8-9. Among the documents attached to his petition was a partial transcript of a competency hearing held on September 2, 1999, in which the Circuit Court for Dane County determined relied in large part on a report filed by Dr. Kent Berney to find that petitioner was not competent to be tried in a felony case pending at that time. Id., Attachment 8. According to documents submitted by respondent, however, petitioner was later found competent to stand trial in the 1999 case and in several subsequent state court cases. Dkt. #24, at 13 & Exh. A.

OPINION

Petitioner asks this court to excuse his untimely filing under the doctrine of equitable tolling. To qualify for equitable tolling, a habeas petitioner must show two things: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010). As the Supreme Court has explained, "[t]he diligence prong . . . covers those affairs within the litigant's control; the extraordinary-circumstances prong, by contrast, is meant to cover matters outside [his] control." Menominee Indian Tribe of Wisconsin v. United States, 136 S. Ct. 750, 756 (2016).

"Although not a chimera—something that exists only in the imagination, . . . equitable tolling is an extraordinary remedy that is rarely granted." Carpenter v.

5

Douma, 840 F.3d 867, 870–71 (7th Cir. 2016) (internal citations and quotations omitted). The habeas petitioner bears the burden of demonstrating both elements of the Holland test. Williams v. Buss, 538 F.3d 683, 685 (7th Cir. 2008).

Petitioner devotes most of his brief to the extraordinary circumstances element of the Holland test. This part of the tolling analysis requires "an evaluation of the entire hand that the petitioner was dealt," Socha v. Boughton, 763 F.3d 674, 685 (7th Cir. 2014), not just separate consideration of each of the asserted obstacles to timely filing. See also Lott v. Mueller, 304 F.3d 918, 923, 924 (9th Cir. 2002) (holding that determination of equitable tolling is "'highly fact dependent'" and may "involve the confluence of numerous factors beyond the prisoner's control") (quoting Whalem/Hunt v. Early, 233 F.3d 1146, 1147 (9th Cir. 2000) (en banc)).

To show that his failure to file his petition on time was caused by matters outside his control, petitioner relies mainly on the 1999 competency evaluation from Dr. Berney, in which Berney found that petitioner has mild mental retardation, impaired memory function and an inability to read or write. Dkt. #29, at Att. C. (Petitioner has also submitted a 2014 Inmate Classification Report in which he is classified as having a "serious mental illness;" the report says nothing about the nature of the illness. Id., at Att. B.) He contends that these limitations, combined with limited access to "jailhouse lawyers" who could help him pursue his federal claims, were extraordinary and beyond his control.

It is difficult to argue with petitioner's contention that, given the combination of his documented mental limitations and his inability to read and write, researching and drafting

6

a habeas petition on his own would be a very difficult task. However, the Court of Appeals for the Seventh Circuit has held that a petitioner must show more than "a general inability to cope with matters legal" in order to justify tolling. Davis v. Humphreys, 747 F.3d 497, 500 (7th Cir. 2014). In Davis, the petitioner presented a report prepared by the prison system finding that "he has an IQ of 49, is illiterate and uneducable, and cannot cope with any legal subject." Id. The court declined to conclude that such circumstances *per se* required tolling, pointing out that the petitioner had been deemed competent enough to enter a guilty plea in the state court and thus presumably had some ability to understand his legal rights. Id. Accordingly, the court remanded the case to the district court to take evidence to determine "just what [petitioner's] abilities are," id., noting that the operative question was whether the petitioner was able "to understand and protect his own legal interests." Id. In doing so, the court affirmed what it had said in Miller v. Runyon, 77 F.3d 189, 191 (7th Cir. 1996): "[M]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." (emphasis in original). Thus, under Davis and Miller, being illiterate, having a low IQ and being mentally ill do not necessarily excuse a petitioner's failure to comply with the statute of limitations. Rather, he must show how his limitations actually prevented him from filing a timely petition.

In this case, petitioner has failed to show that his mental limitations actually prevented him from understanding and protecting his legal interests. He does not contend that he lacked the mental ability to recognize that he had legal claims or that, because of his

mental impairments, he lacked the ability to pursue them for any period of time. To the contrary, he acknowledges that, in spite of his limitations, he pursued his claims and tried to find other inmates to draft his pleadings and put together supporting documents as well as write letters on his behalf. Furthermore, he was able to obtain such help: as the record shows, he filed a motion for a new trial in state court in August 2012, a writ of habeas corpus in this court in November 2012 and a state post conviction motion in June 2013. The fact that these documents were not drafted by petitioner does not mean that he is entitled to equitable tolling.

Petitioner asserts generally that his access to other inmates who could help him was "limited" and that the process was "slow and difficult." Br. in Opp., dkt. #29, at 2, 3. As respondent points out, however, the everyday circumstances of prison life such as limited access to "jailhouse lawyers" are not extraordinary. Tucker v. Kingston, 538 F.3d 732, 735 (7th Cir. 2008) ("[A] prisoner's limited access to the prison law library is not grounds for equitable tolling."). Further, as just noted, in spite of having "limited" help from other inmates, petitioner was able to file documents in state court and a premature federal habeas petition. Thus, the obstacles asserted by petitioner—his limited mental abilities and limited help from jailhouse lawyers—did not *prevent* him from filing legal documents, including a federal habeas petition.

What petitioner never answers in his submissions is what prevented him from filing a *timely* federal habeas petition. His assertion that it was "slow and difficult" to find inmates to help him is not specific enough. Notably, to qualify for equitable tolling, petitioner must

8

show that he faced extraordinary obstacles to timely filing *and* that he was reasonably diligent in pursuing his claims. An inmate must demonstrate what steps he was taking to pursue his rights during the limitations period and up to the date the petition was actually filed; mere conclusory assertions are insufficient. Boulb v. United States, 818 F.3d 334, 340-42 (7th Cir. 2016).

For example, in Holland, 560 U.S. at 653, the Supreme Court found reasonable diligence where

> Holland not only wrote his attorney numerous letters seeking crucial information and providing direction; he also repeatedly contacted the state courts, their clerks, and the Florida State Bar Association in an effort to have Collins—the central impediment to the pursuit of his legal remedy—removed from his case. And, the very day that Holland discovered that his AEDPA clock had expired due to Collins' failings, Holland prepared his own habeas petition pro se and promptly filed it with the District Court.

Similarly, in Socha, 763 F.3d at 687–88, the Court of Appeals for the Seventh Circuit held that a habeas petitioner had exercised reasonable diligence by repeatedly writing his attorney requesting access to his file, pleading with the public defender's office for help, and alerting the court "before the deadline arrived" that he sought to preserve his rights. By contrast, in Carpenter, 840 F.3d at 871, the court ruled that although the petitioner had filed two federal motions seeking an extension of time to file a federal habeas action, he had ignored the district court's instructions regarding the proper way to seek an extension, waiting 21 months after receiving the district court's first order before seeking another extension. See also Johnson v. McCaughtry, 265 F.3d 559, 565–66 (7th Cir. 2001) (holding that petitioner

9

who "wasted" significant number of days was not entitled to equitable tolling despite errors made by trial court and court of appeals).

Here, the only evidence that petitioner submits to document his diligence in pursuing his legal rights is an October 4, 2013, letter seeking assistance from the state public defender's office. Dkt. #29, at Attachment A. In that letter, petitioner explains that he had recently lost the assistance of an inmate who had helped him file his Wis. Stat. § 974.06 petition in June 2013, which was after his federal limitations period had expired. However, the letter does not provide any details from which this court could conclude that petitioner was exercising reasonable diligence to find an inmate to help him file a federal habeas petition between the time his conviction became final in December 2011 and the time his federal limitations period expired in March 2013, nor does it explain why, when he found inmates to assist him, they were unable to file a timely habeas petition.

In the absence of such facts, respondent's motion to dismiss the petition as untimely must be granted. As noted previously, equitable tolling is an extraordinary remedy that is granted only on rare occasions. Petitioner's conclusory assertions about the difficulties he faced in filing a timely federal habeas petition and the steps he took to pursue his rights are insufficient to warrant this extraordinary relief.

As a final matter, it is worth noting that petitioner's failure to show that his mental limitations are so severe as to render him unable to understand and pursue his rights suggests that he could not prevail on the merits of his ineffective assistance of counsel claims based on his alleged incompetency in 2008. So far as it appears, the only evidence on which

petitioner relies to show mental incompetence is the uninformative notation on a 2014 prison record stating that petitioner has a "serious mental illness" and the 1999 report from Dr. Berney, who found petitioner to be incompetent in Dane County Circuit Court Case No. 1998CF2658. As respondent points out, however, petitioner was later found to have regained competency in the 1998 case. His competency was again evaluated in connection with Dane County criminal cases in 2000 and 2004 and in both he was found competent to proceed. Nothing that petitioner has submitted addresses his competency in 2008. Accordingly, even if the petition were timely, it seems nearly certain that it would have failed on its merits.

ORDER

IT IS ORDERED that the motion of respondent Michael Dittman to dismiss petitioner Charles Homelsey's petition on grounds of untimeliness, dkt. #23, is GRANTED. Petitioner's petition for a writ of habeas corpus is DISMISSED.

Entered this 24th day of February, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge