IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

CHARLES J. HOMELSEY,
aka CHARLES J. MAYBERRY,

    Petitioner,

ORDER

v.

16-cv-47-bbc

MICHAEL DITTMAN,

    Respondent.

---

On February 24, 2017, the court dismissed the habeas petition filed by petitioner Charles J. Homelsey pursuant to 28 U.S.C. § 2254. Petitioner now asks the court for a certificate of appealability (dkt. #37) and for permission to proceed in forma pauperis on appeal (dkt. #47).

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). When, as in this case, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability) should issue when the prisoner shows, at least, that jurists of

1

reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Thus, in determining whether a certificate of appealability should issue in this case, tcourt must consider both the procedural holding and the underlying constitutional claims. Id. at 484-85.

Although it is a close question, I conclude that petitioner is entitled to a certificate of appealability. Although petitioner has not been specific about his allegations that he was diligently seeking the assistance of other inmates to help him file a federal habeas petition and that he was prevented from doing so by his mental impairments and institutional barriers, his allegations could persuade a jurist of reason to apply the doctrine of equitable tolling, as well as to allow his untimely petition. As for the underlying constitutional claim, I concluded in reviewing the petition initially that petitioner's claim that his trial and appellate lawyers were ineffective for failing to raise the issue of his incompetence to be tried was sufficient to state a valid constitutional claim. Accordingly, both conditions for issuing a certificate of appealability have been met.

Petitioner also has submitted a motion for leave to proceed in forma pauperis on appeal along with a certified trust fund account statement to support his request. I will grant petitioner's request for leave to proceed in forma pauperis for the reasons set forth below.

Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. Walker v. O'Brien, 216 F.3d 626, 628-629 (7th Cir. 2000) ("the PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255"). Nevertheless, in determining whether a petitioner is eligible for indigent status on appeal under 28 U.S.C. § 1915, the

court must find both that the petitioner does not have the means to pay the $505 fee for filing his appeal and that the appeal is taken in good faith. 28 U.S.C. § 1915(a)(1) and (3). I do not intend to certify that petitioner's appeal is not taken in good faith.

In determining whether a habeas corpus petitioner is eligible for pauper status, the court applies the formula set out in 28 U.S.C. § 1915(b)(1). From petitioner's trust fund account statement, I conclude that he qualifies for indigent status. Further, I assess petitioner an initial partial payment of the $505 fee for filing his appeal in the amount of $76.89.

Finally, in his request for a certificate of appealability, petitioner asks the court to halt the destruction or photocopying of jailhouse lawyer Oscar McMillian's legal property, hold an evidentiary hearing regarding the seizure of McMillian's property and permit McMillian to meet in-person with petitioner. These requests are beyond the scope of a certificate of appealability or even the habeas petition, for that matter. Accordingly, I do not address them.

ORDER

IT IS ORDERED that:

1. Petitioner's request for a certificate of appealability (dkt. # 37) is GRANTED; and

2. Petitioner's request for leave to proceed in forma pauperis is GRANTED. Petitioner may have until May 19, 2017, in which to submit a check or money order made payable to the clerk of court in the amount of $76.89. If by May 19, 2017, petitioner fails to pay the initial partial payment or explain his failure to do so, then I will advise the court of appeals of his noncompliance in paying the assessment so that it may take whatever steps it deems appropriate with respect to this appeal.

Entered this 3d day of May, 2017.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge